**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **SUNSHINE SHOPPING CENTER, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**LG ELECTRONICS PANAMA, S.A.,** )<br>**Panama corporation; ENGINEERING** )<br>**SYSTEMS & SALES, INC. a Puerto Rico** )<br>**corporation d/b/a "ENSYSA,"** )<br>)<br>**Defendants.** )<br>_____) | **Civil Action No. 15--0041** |

**Attorneys:**
**Edward L. Barry, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiff Sunshine Shopping Center, Inc.*

**Charlotte K. Perrell, Esq.**
**Michael C. Quinn, Esq.**
St Thomas, U.S.V.I.
    *For Defendant LG Electronics Panama, S.A.*

**James L. Hymes, III, Esq.**
St Thomas, U.S.V.I.
**Orlando Fernandez-Carmona, Esq.**
Guaynabo, PR
**Anna Washburn, Esq.**
St. Croix, U.S.V.I.
    *For Defendant Engineering Systems & Sales, Inc.*

**<u>MEMORANDUM OPINION</u>**

**Lewis, District Judge**

    THIS MATTER comes before the Court on Magistrate Judge Emile A. Henderson III's Report and Recommendation ("R&R") (Dkt. No. 147), in which the Magistrate Judge recommends that the Court deny Defendant Engineering Systems & Sales, Inc.'s ("Ensysa") Motion for Partial

Summary Judgment (Dkt. No. 125).[1] Ensysa has filed Objections to the R&R (Dkt. No. 148); Plaintiff Sunshine Shopping Center, Inc. ("Sunshine Mall") has filed a Response to Ensysa's Objections (Dkt. No. 149); and Ensysa has filed a Reply (Dkt. No. 150). For the reasons discussed below, the Court will adopt the R&R and deny Ensysa's Motion for Partial Summary Judgment.

## I. BACKGROUND

On May 26, 2015, Sunshine Mall filed a breach of contract and negligent misrepresentation complaint against Ensysa and LG Electronics Panama, S.A. ("LG").[2] (Dkt. No. 1). Sunshine Mall, a Virgin Islands corporation with is principal place of business on St. Croix, *Id.* at ¶ 1, negotiated with LG to acquire and install air conditioning in its Sunshine Shopping Center. *Id.* at ¶ 20. However, at LG's suggestion and on August 23, 2013, Sunshine Mall entered into a contract with Ensysa, who at the time was LG's master distributor, instead of directly contracting with LG. *Id.* at ¶¶ 20-22. Under this contract, Sunshine Mall would purchase approximately $127,000 of equipment from Ensysa, and Ensysa would then train and certify a contractor hired by Sunshine Mall to install the equipment and would oversee that contractor's installation work. *Id.* at ¶ 26.

In accordance with the agreement, Ensysa supplied the equipment to Sunshine Mall and Sunshine Mall tendered payment to Ensysa. *Id.* at 28. In January 2014, LG terminated Ensysa's master distributorship, *Id.* ¶ 31, and, on January 7, 2024, Ensysa informed LG that it would be shutting down LG operations, including Ensysa's LG training academy in Puerto Rico. (Dkt. 124 at 4). According to Ensysa, Ensysa effectively shut down the training academy on January 8, 2014.

---

[1] During the October 2022 hearing before the Magistrate Judge, Ensysa recognized that its Motion for Summary Judgment should properly be construed as a motion for partial summary judgment because it does not address all of the claims against Sunshine Mall. *See* (Dkt. No. 147 at 9). The Court therefore refers to Ensysa's motion accordingly.

[2] Plaintiff's Complaint was also brought against LG's Sales Manager Jacques Etienne, but claims against Etienne have since been voluntarily dismissed. (Dkt. No. 49).

*Id.* Sunshine Mall states that it provided Ensysa notice of its selected contractor on the same day. Dkt. 147 at 12 ("Sunshine named the contractor and provided notice to Ensysa on January 8, 2014."). Ensysa maintains that Sunshine Mall did not notify Ensysa that it had retained a contractor before Ensysa closed its training facility. (Dkt. No. 125 at 3). Ensysa admits that it did not train or certify a Sunshine Mall contractor, nor did it supervise the installation of the equipment Sunshine Mall purchased from Ensysa. (Dkt. No. 125 at 5) ("Ensysa never trained or certified a contractor . . . nor did it supervise the installation").

On March 2, 2020, Ensysa moved for summary judgment. Ensysa's summary judgment motion argues that it "fully complied with its obligations under the contract when it sold the air conditioning equipment to Sunshine, because its design, certif[i]cation, and installation supervision duties were subject to a condition precedent that Sunshine had not fulfilled—naming an HVAC contractor while Ensysa had an open Training Academy" (Dkt. No. 147 at 3).

On September 2, 2022, this Court referred Ensysa's Motion for Partial Summary Judgment to Magistrate Judge Henderson for a Report and Recommendation. (Dkt. No. 141). Magistrate Judge Henderson found the terms of the parties' contract unambiguous and rejected Ensysa's interpretation. (Dkt. No. 147 at 11-12). Reasoning that the contract's plain terms did not contain a requirement that Sunshine Mall name a contractor by a certain date or deadline, the R&R states:

> Sunshine named the contractor and provided notice to Ensysa on January 8, 2014. (Dkt. No. 125-5). The contract contained no date or deadline by which Sunshine was to have selected the HVAC contractor, nor was there a 'time is of the essence' provision suggesting that the selection needed to take place within an expedited period of time. Ensysa was then required to certify the contractor after two days of training it provided in San Juan, Puerto Rico. [Contract, §] 1.1.1. But after having received notification of the selection of a contractor from Sunshine, Ensysa did not train or certify him, much less supervise the installation.

(Dkt. No. 147 at 12).

On November 10, 2022, Ensysa filed its Objection to Magistrate Judge Henderson's R&R.

3

(Dkt. No. 148). Ensysa's Objection does not dispute that its contract is unambiguous nor does it dispute that the parties' contract does not contain a date certain or deadline by which Sunshine Mall was required to select its contractor. Rather, Ensysa's Objection requests that the R&R be "amended" to find that there was a "condition precedent" to its performance, in that Sunshine Mall was required to select an "HVAC contractor who was experienced working with VRF systems, and who had been previously and currently certified by other well-known and reputable companies such as Mitsubishi and Daikin," and that the failure to select such a contractor obviated Ensysa's obligation to certify and train such a contractor. (Dkt. No. 148 at 3). Specifically, Ensysa complains that Judge Henderson's R&R did not "recite the entire clear and unambiguous language of Section 1.1 which obligated Sunshine to select an experienced HVAC contractor who was currently certified by other well-known and reputable companies." (Dkt. No. 148 at 2).

On November 15, 2022, Sunshine Mall filed its Response to Ensysa's Objection. (Dkt. No. 149). In its Response, Sunshine Mall argues that Ensysa never raised its contractor qualification pre-condition argument to Magistrate Judge Henderson, and, therefore, that argument is "not properly before the Court and should not be considered on review." (Dkt. No. 149 at 6-7) ("ENSYSA never contended in its Motion, and never presented any evidence, that the professional credentials of Sunshine's chosen installation contractor were in any way deficient. This new contention . . . is not properly before the Court.").

On November 28, 2022, Ensysa filed its Reply. (Dkt. No. 150). Ensysa argues that its Objection is not the first time that it raised the contractor qualifications pre-condition argument because its summary judgment motion argued that Sunshine never "effectively notified [Ensysa of its selection of] the contractor." *Id.* at 2. Ensysa contends that its objection to the R&R "only

4

expands and explains Ensysa's arguments" and that "[t]he evidence that a qualified contractor was a condition precedent is found within the four corners of the contract" which is in evidence. *Id.*

## II. APPLICABLE LEGAL PRINCIPLES

### A. Standard of Review

Parties may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) (similar). When reviewing a report and recommendation, a district judge must review *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (similar). Where the parties do not properly object to a magistrate judge's report and recommendation, there is no requirement that a district court review the report and recommendation before accepting it. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); *Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011). Notwithstanding *Thomas*, the Third Circuit has stressed that, even in the absence of an objection, the "better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Accordingly, a district judge reviews those parts of the magistrate judge's report and recommendation to which parties have not objected under the "plain error" standard of review. *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017). Under this standard, a district court reviews a magistrate judge's report and recommendation for error that is "clear" or "obvious." *Nara v. Frank*, 488 F.3d 187, 197 (3d Cir. 2007).

5

**B.      Waiver**

"Th[e] raise-or-waive rule is essential to the proper functioning of our adversary system because even the most learned judges are not clairvoyant." *United States v. Dupree*, 617 F.3d 724, 728 (3d Cir. 2010). As such, "we do not require district judges to anticipate and join arguments that are never raised by the parties." *Id.* Instead, courts "rely on the litigants not only to cite relevant precedents, but also to frame the issues for decision." *Id.* "Mere allusion or reference is not enough" to raise an issue. *Seifert v. Pennsylvania Hum. Rels. Comm'n*, 301 F. App'x 194, 196-97 (3d Cir. 2008). Rather, an issue "must actually be raised with a minimum level of thoroughness." *Id.*

"Common sense and efficient judicial administration dictate that a party should not be encouraged to make a partial presentation before the magistrate on a major motion, and then make another attempt entirely when the district judge reviews objections to an adverse recommendation issued by a magistrate." *Jordan v. Tapper*, 143 F.R.D. 567, 571 (D.N.J. 1992) (quotation omitted). Consequently, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."[3] *Kightlinger v. Pennsylvania*, No. 11-CV-00936, 2013 WL 4504382, at *2 (W.D. Pa. Aug. 22, 2013) (collecting cases) (quotation omitted); *see also Masimo Corp. v. Philips Elec. North America Corp.*, 62 F. Supp. 3d 368, 377 (D. Del. 2014) (observing that "parties objecting to a Magistrate Judge's report or order are required to adhere to the arguments, evidence, and issues they presented first to the Magistrate Judge"). Consideration of new arguments is "especially inappropriate when . . . the new arguments could have been raised

---

[3] The same rule prevails in other contexts as well. *See United States v. Payne*, 2023 U.S. Dist. LEXIS 117788, at *10 n.3 (D.V.I. July 10, 2023) (parties are typically prohibited from raising new arguments in motions for reconsideration, appeals from magistrate judge orders, appeals from district court orders, and in reply briefs).

in the first instance to the Magistrate Judge." *Seldon v. Wetzel*, No. 19-CV-00090, 2021 WL 2327508, at *2 (W.D. Pa. June 8, 2021). "Were the rule otherwise, it would reduce the proceedings before the magistrate Judge to a mere dress rehearsal, which is contrary to the very reason for having magistrate judges." *Kightlinger*, 2013 WL 4504382 at 6.

### III. DISCUSSION

#### A. *De Novo* Review

The Court first reviews *de novo* the portions of the R&R to which Ensysa has objected. For this reason, the Court will review whether Ensysa's objection to Judge Henderson's R&R—namely, that the parties' contract contained a condition precedent that Sunshine Mall failed to perform, thus obviating Ensysa's obligation to perform—was properly raised. In order for Ensysa's objection to be properly raised and not waived, the argument underpinning Ensysa's objection must have been "actually raised" with sufficient "thoroughness" before Magistrate Judge Henderson. *Seifert v. Pennsylvania Hum. Rels. Comm'n*, 301 F. App'x 194, 196-97 (3d Cir. 2008). The Court finds that the argument was not raised and was therefore waived.

A review of Ensysa's summary judgment briefing makes clear that Ensysa's argument in favor of summary judgment was about *when* Sunshine Mall selected a contractor not *which* contractor Sunshine Mall selected. While Ensysa complains that Magistrate Judge Henderson's R&R did not "recite the entire clear and unambiguous language of Section 1.1," neither did Ensysa in its Summary Judgment Motion or Reply. Indeed, nowhere in Ensysa's summary judgment briefing is the portion of Section 1.1 concerning contractor qualifications ever quoted or discussed. To the contrary, Ensysa argued:

> The agreement was very precise regarding the obligations of each of the parties . . . On its part, Sunshine was to: (a) select a contractor to install the equipment (*SF #7*); (b) retain the services of the contractor to be certified in the installation of the equipment (*SF #6*); (c) execute an installation contract with the contractor (*SF #7*); (d) give Ensysa ten (10) days

7

> prior notice to schedule classes for a required two (2) days training to certify the contractor in the installation of the equipment (*SF #8, #9*), and (e) pay the purchase price for the equipment (¶2 of *Exh. 2* of the *SF*).

Dkt. No. 125 at 5-6. Ensysa further argued:

> 8) Sunshine agreed to select ("Sunshine shall select" [underlined supplied]) a contractor to install the equipment (***Exh. 2, Section 1.1***) and execute an installation contract with the contractor. ***Exh. 2, Section 1.3***.
>
> 9) The selected contractor would be certified by Ensysa after a two (2) days training in San Juan, Puerto Rico. ***Exh. 2, Sec. 1.1.1; Exh. 1, ¶10***.
>
> 10) Sunshine agreed to give Ensysa a ten (10) days prior notice to schedule classes for certification ("… a TEN (10) day prior notice from Sunshine shall be required … [underlined supplied]) ***Exh. 2, Section 1.1.1; Exh. 1, ¶10***.

*Id*. at 2. In addition to failing to quote or cite the language Ensysa now complains Magistrate Judge Henderson did not interpret, Ensysa's summary judgment briefing also fails to identify the contractor Sunshine Mall submitted for training, or make any reference to the VHF and other qualifications it now complains Sunshine Mall's selection lacked. Instead, Ensysa argued:

> 13) Sunshine procrastinated and never gave Ensysa effective notice that it had actually retained a contractor nor did it give Ensysa the required ten (10) days prior notice to schedule the training. ***Exh. 1, ¶¶13, 16***.
>
> 14) Sunshine never gave Ensysa the required 10 days prior notice to be able to train and certify a contractor. See ***Exh. 1, ¶13***.
>
> 15) On January 8, 2014, for the first time, Ensysa received an e-mail from Sunshine requesting to schedule a contractor for certification for the first time. See ***Exh. 1 ¶14; Exh 4***.
>
> 16) Ensysa had shut down the Training Academy by the time the e-mail was received. See ***Exh. 1, ¶15.***
>
> 17) For the reasons above, Ensysa never trained nor certified a contractor retained by Sunshine for the installation of LG equipment at the Sunshine Shopping Center. ***Exh. 1, ¶17***.

*Id.* at 3. Ensysa additionally did not put any evidence into the record concerning Sunshine Mall's contractor's qualifications or lack thereof. While Ensysa argues in its Objection Reply

8

Memorandum that Sunshine Mall never provided Ensysa with its contractor's qualifications in the course of notifying Ensysa of its choice of contractor, that argument itself appears for the first time in Ensysa's Objection briefing. (Dkt. No. 150 at 3-4) (arguing that Ensysa could not contest "the professional credentials of Sunshine's chosen installation contractor" because "no credentials were ever furnished."). The absence of any evidence in the record of Sunshine Mall's contractor's qualifications further indicates that Ensysa never previously raised its contractor qualifications condition precedent argument. In short, a review of Ensysa's summary judgment briefing confirms that Ensysa plainly did not raise its contractor qualification condition precedent argument prior to objecting to the R&R.

Ensysa's arguments to the contrary are unavailing. First, Ensysa argues that its use of the word "*effectively*" in its summary judgment briefing in reference to its argument about Plaintiff's failure in "selecting and contracting an installation contractor" implicitly contained within it—or as Ensysa puts it "begs the question" of—its current argument about contractor qualifications. (Dkt. No. 150 at 1-2) ("It begs the question that in order to **effectively** notify a competent contractor [sic], Sunshine had to comply with the terms of the contract, *which is in evidence*, in that it had to be a qualified contractor experienced in VRF systems and certified by other reputable companies such as Mitsubishi.") (emphasis in original). In its Objection Reply, Ensysa further contends that by putting the entire contract in evidence, Ensysa successfully "alleged" the argument and now simply "expands and explains" that argument in its Objection.

Ensysa's repeated argument in its summary judgment briefing that it lacked the ability to train any contractor after January 8, 2014 forecloses the broad reading Ensysa now asks the Court to give the word "effectively." Ensysa's summary judgment briefing is replete with statements clearly portraying its argument as Plaintiff failing to timely select any contractor

9

before Ensysa had closed its training facility. *See e.g.*, Ensysa Opening Memorandum at 5 ("The obligation to train and certify *a* contractor was conditioned on Sunshine's selecting and contracting *an* installation contractor, something which it never effectively did *before Ensysa shut down the academy*. . . . In fact, it appears that by February 7, 2014, Sunshine had finally engaged *a* contractor for the installation of the equipment and requested that the training be scheduled") (emphasis added). The Court is therefore unwilling to characterize Ensysa as having even "alleged" its current argument in its prior briefing. In any event, even accepting Ensysa's characterization of its summary judgment briefing, Ensysa's argument would be nothing more than an insufficient allusion to the argument it now makes. *Seifert v. Pennsylvania Hum. Rels. Comm'n*, 301 F. App'x 194, 196-97 (3d Cir. 2008) ("Mere allusion or reference is not enough").

Ensysa next argues that, despite not referencing or discussing the instant contract language, Ensysa's argument was preserved because the entire contract was in evidence. (Dkt. No. 150 at 1). This argument misses the mark. It is untenable that merely introducing a contract into evidence without more would put before the Court any argument as to that contract. *See United States v. Dupree*, 617 F.3d 724, 728 (3d Cir. 2010). A party is required to put forth factual and legal authorities and arguments—not just a mere blanket submission of exhibits—to sufficiently raise its position. *Seifert*, 301 F. App'x at 197 (citing *Delaware Nation v. Pennsylvania,* 446 F.3d 410, 416 (3d Cir. 2006) ("it is not enough . . . to mention relevant facts without explaining how they relate to the argument"); *See Wiley*, 585 F.3d at 214 (argument waived where it contained "only references to facts, but to no authority"). Ensysa's failure to do either is fatal. Simply stated, Ensysa

did not "unequivocally put its position before the [Magistrate Judge] at a point and in a manner that permit[ted] the court to consider its merits." [4] *Garza,* 881 F.3d at 284.

Ensysa repeatedly and clearly argues in its summary judgment briefing that its contract contained a *timing* condition precedent. Magistrate Judge Henderson rejected that interpretation of the contract. Ensysa's attempt to use this Court's R&R review process to "amend" Magistrate Judge Henderson's recommended ruling to add a legal conclusion that the Magistrate Judge was never asked to make is plainly improper. *John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) (citation omitted). The argument underpinning Ensysa's objection to the R&R was never raised in its summary judgment briefing and the objection is therefore not properly before this Court now. Accordingly, Ensysa's sole objection is waived, and there are no issues for this Court to consider *de novo*.

B.     **Plain Error Review**

Neither party otherwise challenges the R&R, and the Court does not find plain error in the R&R. Ensysa admits its failure to perform certain contractual obligations related to training and certification. (Dkt. No. 147 at 8). Ensysa's only argument in favor of summary judgment was that its obligations were never triggered because Sunshine Mall failed to fulfill a contractual pre-condition by timely selecting a contractor—according to Ensysa before its training facility closed on January 8, 2014— and notifying Ensysa of that selection. *Id.* However, Ensysa does not point to any contract language containing such a requirement or from which the Court could infer the existence of such a requirement. As Magistrate Judge Henderson found, the only timing requirement was that Sunshine Mall provide ten days notice of the selection, and Ensysa's failure

---

[4] Even if Ensysa's argument were properly before the Court, the absence of any evidence in the record regarding the qualifications of Plaintiff's contractor would seemingly preclude the entry of summary judgment in favor of Ensysa.

to point to anything else is fatal to its summary judgment motion. (Dkt. No. 147 at 12) ("Ensysa's argument that, in order for it to have completed its duties, Sunshine had to select a contractor while its Training Academy remained open, is unsupported by the language of the contract, which contained no requirement that that condition precedent had to be met before Ensysa's obligations were triggered. Ensysa's obligations were conditioned only by being notified by Sunshine that it had selected a contractor with a 10-day lead time for scheduling the training."); *see Hullett v. Towers, Perrin, Forster & Crosby, Inc*., 38 F.3d. 107, 111 (3d. Cir. 1994)) ("'[W]hen the words are clear and unambiguous the intent is to be discovered only from the express language of the agreement.'").

Moreover, even if the contract language were ambiguous—which Ensysa does not argue that it is—Ensysa does not advance an argument that there is undisputed extrinsic evidence suggesting that the parties intended to condition Ensysa's performance on the claimed condition precedent. *See* (Dkt. No. 147 at 13) (explaining that Ensysa offered "scant evidence," namely a conclusory affidavit void of facts). On the other hand, Sunshine Mall raises compelling extrinsic evidence disputing the existence of any condition precedent. As Sunshine argues, Ensysa's 30(b)(6) witness admitted that there is not a specific date in the contract and that the parties never discussed a specific date by which Sunshine Mall would be required to select a contractor. Dkt. No. 127 at 7-8. Ensysa offers no response to that deposition testimony. Accordingly, even if the contract were ambiguous, the Court is satisfied that there is at least a genuine issue of material fact such that Ensysa's motion for summary judgment should be denied. The Court thus finds no plain error in Magistrate Judge Henderson's R&R recommending that Ensysa's Motion for Partial Summary Judgment be denied.

## IV. CONCLUSION

In view of the foregoing, the Court concludes that Ensysa has waived its contractor qualifications condition precedent argument, and the Court otherwise finds no plain error in Magistrate Judge Henderson's R&R. The Court will therefore adopt the Magistrate Judge's R&R and deny Defendant's Motion for Partial Summary Judgement.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 30, 2023 _____/s/_____
WILMA A. LEWIS
District Judge