# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **SUNSHINE SHOPPING CENTER, INC.,** | |
| Plaintiff, | |
| v. | 1:15-cv-00041-WAL-EAH |
| **LG ELECTRONICS PANAMA, S.A.,** a Panama corporation; **ENGINEERING SYSTEMS & SALES, INC.**, a Puerto Rico corporation d.b.a. "ENSYSA," | |
| Defendants. | |

**TO:**   Edward L. Barry, Esq.,
Charlotte K. Perrell, Esq.,
Michael C. Quinn, Esq.,
James L. Hymes, III, Esq.,
Orlando Fernandez-Carmona, Esq.

## ORDER

**THIS MATTER** comes before the Court on the "Emergency Motion Requesting Order to Produce Transcript of Arbitration Proceedings and Decision" filed on June 20, 2025 by Attorney James Hymes on behalf of Defendant Engineering Systems & Sales, Inc. ("ENSYSA"). Dkt. No. 218. For the reasons that follow, the Court will deny ENSYSA's motion.

## BACKGROUND

On May 26, 2015, Plaintiff Sunshine Shopping Center, Inc., filed a Complaint alleging that Defendants LG Electronics Panama, S.A. ("LG"), ENSYSA, and former-Defendant Jacques Etienne—then an LG sales manager—breached a contract and made unlawfully negligent misrepresentations. Dkt. No. 1. The dispute centers around an agreement, primarily facilitated by Mr. Etienne, between LG, ENSYSA, and Plaintiff, to design, manufacture, and

install air conditioning units in Plaintiff's mall. Plaintiff alleged that it paid LG and ENSYSA hundreds of thousands of dollars for the design and installation of the air conditioning units, but that Defendants failed to uphold their end of the bargain. *Id.*

In the decade since the Complaint was filed, this case has been subject to a convoluted procedural history that includes multiple arbitrations, three scheduling orders, and several extensions of the discovery deadline. Much of that procedural history was described in the Court's May 16, 2025 Order denying ENSYSA's request to further extend the discovery deadline in this case. *See* Dkt. No. 212 at 2-5. As relevant here: Plaintiff and LG engaged in a confidential arbitration without ENSYSA, which resolved sometime in 2023 (the "2023 Arbitration"). The arbitrator held in favor of LG on all claims and both Plaintiff and LG agreed that Plaintiff no longer had any outstanding claims against LG. *See* Dkt. No. 212 at 3. Plaintiff and LG filed a "Joint Stipulation of Dismissal with Prejudice of All Claims," dismissing LG from this suit, but that stipulation remains pending. *See* Dkt. No. 180.[1]

After the 2023 Arbitration, and during a May 13, 2024 status conference, ENSYSA stated that it was evaluating whether or not to move for permission to file a crossclaim against LG. Dkt. No. 159. To further its review of the issue, ENSYSA sought the 2023 Arbitration transcripts to assess the validity of its potential claims. *Id.* Without considering whether the 2023 Arbitration was subject to any confidentiality provisions, counsel for ENSYSA, Plaintiff, and LG all agreed that it would be prudent for ENSYSA to access and review the arbitration

---

[1] Because ENSYSA has not joined in that stipulation, it is not self-executing under Rule 41. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). Accordingly, LG may only be dismissed as a party through an Order of the Court. *See* Fed. R. Civ. P. 41(a)(2).

*Sunshine Shopping Center v. LG Electronics Panama, S.A.*
1:15-cv-00041-WAL-EAH
Order
Page 3

transcript to evaluate the merits of any potential crossclaim. Accordingly, on May 17, 2024, the Court directed Plaintiff to provide all the 2023 Arbitration documents, including the transcripts, to ENSYSA by May 20, 2024. *Id.* However, on May 19, 2024, Plaintiff moved for reconsideration of the portion of the Court's Order directing it to produce the 2023 Arbitration transcript because the 2023 Arbitration was subject to a confidentiality agreement signed by LG and Plaintiff that counsel for both parties had mistakenly failed to consider when discussing the release of the transcript. Dkt. No. 160. Plaintiff indicated that it could not produce the transcript by May 20, 2024 because, although it was willing to waive confidentiality, LG had not agreed to make such a waiver. *Id.* Accordingly, Plaintiff moved for relief from the May 17, 2024 Order until LG waived confidentiality or the Court ordered the disclosure of the files over LG's objections.[2] *Id.* The confidentiality agreement—part of a handwritten "mediation settlement agreement" dated January 14, 2018, and signed by a representative and counsel for LG, a representative and counsel for Plaintiff, and Mediator Britain Bryant—was included as an exhibit to Plaintiff's motion. *See* Dkt. No. 160-1. The agreement sets out the scope and details of the 2023 Arbitration and states "[t]his arbitration shall be confidential." *Id.*

In response to Plaintiff's motion for reconsideration, ENSYSA stated that "it cannot force either the plaintiff or LG . . . to produce that evidence if there was a confidentiality agreement

---

[2] Nothing in the record indicates that LG ever agreed to waive confidentiality after Attorney Perrell discussed the issue with her client; nor did any party thereafter move for an Order from the Court compelling production of the confidential transcript until ENSYSA filed the instant motion.

*Sunshine Shopping Center v. LG Electronics Panama, S.A.*
1:15-cv-00041-WAL-EAH
Order
Page 4

in place which will not be waived." Dkt. No. 162. Thus, ENSYSA did not oppose Plaintiff's request to be relieved from the May 17, 2024 Order. *Id*. ENSYSA indicated it would "explore the waiver issues to the fullest extent possible." *Id*. The Court then vacated the relevant portion its May 17, 2024 Order, finding that it was entered based on a mistake among the parties as to the existence of a confidentiality agreement. Dkt. No. 163.[3]

Subsequently, in August 2024, the Court entered a Scheduling Order, which it amended in November 2024. *See* Dkt. Nos. 185, 192. Ultimately, the parties were directed to complete fact discovery by April 13, 2025. *See* Dkt. Nos. 192, 194. Expert discovery was to conclude by April 30, 2025. *See* Dkt. No. 185. Dispositive motions were due by June 30, 2025. *Id*. On March 17, 2025, Plaintiff filed a motion for partial summary judgment. *See* Dkt. No. 197. In its statement of undisputed facts accompanying the motion for summary judgment, Plaintiff cited to portions of the 2023 Arbitration transcript and attached excerpts of the same as an exhibit. *See* Dkt. No. 199-17.

On May 23, 2025, the Court held a status conference at which LG, with permission from the Court, was absent. At the conference, ENSYSA asserted that the inclusion of the 2023 Arbitration transcript in Plaintiff's summary judgment filings proved that ENSYSA had a right to review the transcript. On questioning from the Court as to why Plaintiff included a confidential transcript in their filings, Plaintiff stated that it should not have included

---

[3] ENSYSA ultimately moved to file a crossclaim against LG without having reviewed the 2023 Arbitration transcript. Dkt. No. 165. Following briefing and a hearing, the Court denied ENSYSA's motion because the factors a court assesses when weighing whether to permit a party to amend its pleading all weighed against granting ENSYSA leave to amend. *See* Dkt. No. 178.

*Sunshine Shopping Center v. LG Electronics Panama, S.A.*
1:15-cv-00041-WAL-EAH
Order
Page 5

excerpts of the 2023 Arbitration transcript and offered to withdraw the summary judgment filing with the transcript and refile a copy without references to the confidential arbitration. ENSYSA maintained that the sections of the transcript excerpted proved that it needed to review the whole 2023 Arbitration transcript, regardless of whether Plaintiff withdrew all reference to it, because the excerpts ENSYSA reviewed contained "new evidence" that was important to its case. The Court instructed the parties to confer with LG to determine whether it would be willing to agree to a limited waiver of the confidentiality agreement or to otherwise file the appropriate motions. Shortly after the status conference, also on May 23, 2025, Plaintiff withdrew its motion for partial summary judgment. Dkt. No. 216. There was no activity on the docket until June 20, 2025, when ENSYSA filed the instant motion.

I.     **ENSYSA's Motion**

In its motion requesting an order directing Plaintiff or LG to produce the 2023 Arbitration transcript and final decision, ENSYSA states that LG refuses to permit the disclosure of the requested documents. However, ENSYSA argues that the excerpts of the transcript included in Plaintiff's filings revealed critical testimony from Mr. Etienne regarding his duties as an employee of LG and the relationship between ENSYSA and LG. Dkt. No. 218. ENSYSA asserts that this proves that the 2023 Arbitration transcript is highly relevant to the instant action and that disclosure of the documents would be proportional to the needs of the case. *Id*. It proposes that the information can be subject to a protective order limiting its use to this proceeding, only, to protect LG's interest in confidentiality. *Id*. ENSYSA argues that LG is

*Sunshine Shopping Center v. LG Electronics Panama, S.A.*
1:15-cv-00041-WAL-EAH
Order
Page 6

"thwart[ing] a fair resolution of the issues" in this case by withholding the release of the transcript. *Id*.

## II.    Plaintiff's Response

On June 21, 2025, Plaintiff filed a response to ENSYSA's motion stating that it does not oppose the production of the arbitration transcript, but does oppose any further modification of the Scheduling Order that may occur incidentally to granting the relief requested. Dkt. No. 220. Plaintiff also notes that, with the consent of LG, it provided ENSYSA with all of the exhibits used in the 2023 Arbitration. Plaintiff argues that "ENSYSA has not shown that the evidence it hopes to find in the transcript or decision of the arbitrator is not readily available from the exhibits provided, or from independent sources." *Id*.

## III.    LG's Response

On June 24, 2025, the Court entered an Order directing LG to file a response to ENSYSA's motion. *See* Dkt. No. 226. LG filed its response in opposition to the motion on July 2, 2025. Dkt. No. 229. In its response, LG contends that between 2016 to 2017, LG and ENSYSA underwent an arbitration in Panama (the "LG-ENSYSA Arbitration")[4] during which ENSYSA submitted testimonial statements from various witnesses, including Mr. Etienne. *Id*. Thus, ENSYSA had access to Mr. Etienne's testimony as early as 2017, disproving its argument that it was unaware of Mr. Etienne's factual knowledge regarding this case until it reviewed the

---

[4] For clarity, the Court emphasizes that the 2016 arbitration between LG and ENSYSA is distinct from the 2023 Arbitration between LG and Plaintiff, which is the subject of the instant dispute.

*Sunshine Shopping Center v. LG Electronics Panama, S.A.*
1:15-cv-00041-WAL-EAH
Order
Page 7

excerpts of the 2023 Arbitration transcript inadvertently disclosed by Plaintiff. *Id*.[5] Moreover, LG argues that ENSYSA "never issued a subpoena . . . to Mr. Etienne—a third party and former Defendant in this case—who had previously agreed to accept service of any subpoenas in this case and whose testimony ENSYSA had already obtained in 2017," despite the fact that this case has been pending for over ten years and despite the fact that ENSYSA and Plaintiff have repeatedly been granted extensions to pursue fact discovery. *Id*. at 3.

According to LG, ENSYSA now seeks to violate the "paradigmatic" confidentiality of arbitration proceedings to make up for its failure to depose or otherwise take testimony from Mr. Etienne in this case. *Id*. at 4 (arguing that the Third Circuit "recognizes and enforces confidentiality agreements in arbitration agreements." (citing *Parilla v. IAP Worldwide Svcs., VI, Inc.*, 368 F.3d 269, 280 (3d Cir. 2004))). Nevertheless, LG concedes that "this jurisdiction has yet to address" whether or not a court can compel the production of a confidential arbitration transcript and decision. *Id*. at 5.

Regardless, LG argues, ENSYSA's motion is procedurally defective because it was filed nearly two months after the close of discovery, despite the fact that "motions to compel discovery must be filed within the time allowed for discovery itself." *Id*. at 6 (quoting *White v. Day*, No. 2018-cv-18, 2020 WL 3213355, at *2 (D.V.I. June 15, 2020)). Mr. Etienne's involvement in this case has been well-understood from the outset, with Plaintiff's original Complaint—which remains operative—detailing his involvement in this dispute. *Id*. at 8.

---

[5] LG noted that by the time it filed its response, Plaintiff had withdrawn its motion for summary judgment and filed a new motion for summary judgment that did not contain any reference to the 2023 Arbitration transcript.

*Sunshine Shopping Center v. LG Electronics Panama, S.A.*
1:15-cv-00041-WAL-EAH
Order
Page 8

Therefore, "ENSYSA cannot contend information related to Mr. Etienne was newly discovered rendering them unable to conduct discovery" within the confines of the Court's Scheduling Orders, particularly given ENSYSA's "calculated decision" not to obtain Mr. Etienne's testimony in this case at any point in the preceding decade. *Id.* at 8-9.

## IV.     ENSYSA's Reply

In reply, ENSYSA first asserts that LG provided no apposite, non-distinguishable case law for its position that a court cannot compel the production of confidential arbitration documents. Dkt. No. 229 at 2-3. ENSYSA also asserts that it did not provide any written testimonial statements from Mr. Etienne during the LG-ENSYSA Arbitration. *Id.* It attaches a "Statement Under Penalty of Perjury" signed by the President of ENSYSA during the period of the LG-ENSYSA Arbitration, which states, "[t]o my knowledge and best recollection, Ensysa never approached, sought, obtained or submitted any testimonial evidence from Mr. Jacques Etienne" during the LG-ENSYSA Arbitration or anytime thereafter. Dkt. No. 229-1.

ENSYSA then briefly raises several other arguments in support of its motion: that since May 2024, it has "never abandoned its intention to obtain the arbitration transcript;" that LG has not asserted any reason to maintain the confidentiality of the 2023 Arbitration transcript; that LG has no interest in ensuring that ENSYSA adheres to the Court's Scheduling Order; and finally, that it needs to "examine all testimony" in the 2023 Arbitration transcript, not just Mr. Etienne's testimony. *Id.* at 5-6.

*Sunshine Shopping Center v. LG Electronics Panama, S.A.*
1:15-cv-00041-WAL-EAH
Order
Page 9

## DISCUSSION

"Case law is clear that motions to compel filed after the discovery deadline has closed are improper." *Hammerhead Constr. LLC v. Hoffman*, No. 3:23-cv-00014, 2024 WL 181559, at *6 (D.V.I. Jan. 17, 2024) (collecting cases); *see also White*, 2020 WL 3213355, at *3 (collecting cases); *Finize v. Shineski*, 351 F. App'x 668, 672 n.7 (3d Cir. 2009) (affirming denial of a motion to compel that was filed at least two weeks "after discovery had closed"). In fact, the Local Rules provide that "[u]nless otherwise ordered by the Court, motions to compel discovery *must* be filed within the discovery period." LRCi 26.5 (emphasis added).

The record is clear that ENSYSA has known about and been interested in reviewing the 2023 Arbitration transcript since at least early 2024. Nevertheless, it waited until nearly two months after the close of discovery to file a written motion seeking production of that transcript. Per the Local Rules, the Court must deny the motion.[6] However, ENSYSA asserts that its "potential procedur[al] failures should be excused in the interest of fundamental fairness and justice." Dkt. No. 229. The Local Rules may be modified by the Court in the interest of justice. LRCi 1.1(f). However, for at least the five following reasons, the Court finds that the interests of justice are not served by modifying the Local Rules, upsetting well-established precedent, and permitting ENSYSA to ignore its procedural obligations in this case to compel the production of the 2023 Arbitration transcript.

---

[6] ENSYSA did not address the fact that its request was coming out-of-time and in violation of the Local Rules, except to say that "Plaintiff, the party in real interest, has not complained about the alleged procedural posture[.]" Dkt. No. 229 at 5. In fact, Plaintiff has asserted that it opposes any delays that might result from granting this motion.

*Sunshine Shopping Center v. LG Electronics Panama, S.A.*
1:15-cv-00041-WAL-EAH
Order
Page 10

First, ENSYSA has been aware of the significance of Mr. Etienne's testimony to its defenses since the case was filed in 2015, or at the very latest since it received the 2023 Arbitration exhibits. *See* Dkt. No. 229 at 4 (after receiving copies of the exhibits in 2024, ENSYSA found several documents "which support its defenses"). Despite that knowledge, ENSYSA, by sworn statement, "has never approached, sought, [or] obtained" testimony from Mr. Etienne at any time since 2016. Dkt. No. 229-1. However, rather than bolstering ENSYSA's argument in support of its need for the transcript, this assertion undermines ENSYSA's position. ENSYSA seeks the 2023 Arbitration transcript because it is interested in learning about Mr. Etienne's testimony regarding his employment at LG and his relationship with the various parties in this case, but such testimony could have easily been obtained had ENSYSA's attorneys gone directly to Mr. Etienne for a deposition.[7]

Mr. Etienne was dismissed from this case pursuant to a stipulation in which he agreed that he would comply in good faith with "any lawful subpoena" issued. *See* Dkt. No. 39 (Stipulation of Dismissal); Dkt. No. 49 (Order accepting Stipulation of Dismissal). He even designated an agent who he assigned to accept service of any subpoena on his behalf. *Id.*

---

[7] ENSYSA and LG disagree over whether ENSYSA obtained and presented Mr. Etienne's testimony as part the LG-ENSYSA arbitration. To prove that ENSYSA did, in fact, offer testimony from Mr. Etienne as part of that proceeding, LG moved to submit the LG-ENSYSA Arbitration Confidential Final Legal Award for the Court's *in camera* review. Dkt. No. 230. But whether or not ENSYSA presented testimony from Mr. Etienne in 2017 is of no moment. What matters for the purposes of the instant motion is that ENSYSA *could have* sought Mr. Etienne's testimony in this case, but chose not to do so. ENSYSA does not dispute that it could have subpoenaed Mr. Etienne at any time while the discovery period was open. Therefore, the Court reaches its conclusion without needing to determine whether Mr. Etienne participated in the LG-ENSYSA arbitration. Accordingly, the Court will deny LG's motion for *in camera* review as moot.

*Sunshine Shopping Center v. LG Electronics Panama, S.A.*
1:15-cv-00041-WAL-EAH
Order
Page 11

Indeed, ENSYSA is still free to utilize Mr. Etienne as a trial witness should it choose to do so. Thus, granting this untimely motion to relieve ENSYSA of its failure to depose Mr. Etienne would not serve the interests of justice or fairness.

Second, and relatedly, although ENSYSA insists that it is interested in reviewing the 2023 Arbitration transcript for reasons other than uncovering Mr. Etienne's testimony, the only specific interest it asserts relates to information provided by Mr. Etienne. ENSYSA then provides vague argument that the excerpts of the 2023 Arbitration transcript it reviewed provided it with a "belief that there is a lot more discoverable information" in the transcript. Dkt. No. 218. It does not articulate what additional "discoverable information" it could be seeking, and it has not elaborated on what might be in the 2023 Arbitration transcript that could not have been obtained through the normal means of discovery available to ENSYSA over the past decade. Moreover, although no party is challenging the relevance of the 2023 Arbitration transcript, the Court notes that, particularly given the confidentiality of the proceedings, "mere similarity in the subject matter of two cases is not enough to demonstrate the relevance of [litigation documents from] another matter." *See United States ex rel. Bergman v. Abbott Labs.*, No. 09-cv-4264, 2016 WL 4247429, at *5 (E.D. Pa. Aug. 11, 2016) (assertion that it is "highly likely" and a "near certainty" that documents from prior litigation will contain relevant information is insufficient for movant to meet its burden to show relevance).

Third, since at least May 2024 ENSYSA has known: 1) that it was keenly interested in reviewing the 2023 Arbitration transcript; and 2) that LG did not intend to waive

*Sunshine Shopping Center v. LG Electronics Panama, S.A.*
1:15-cv-00041-WAL-EAH
Order
Page 12

confidentiality. Yet, ENSYSA never once in the intervening year sought to compel disclosure of the transcript until after the close of both fact and expert discovery. ENSYSA pegs its suddenly renewed interest in the transcript to the fact that Plaintiff unexpectedly filed portions of the transcript. But ENSYSA fails to acknowledge that Plaintiff filed the transcripts on March 17, 2025, nearly one month before the close of fact discovery. ENSYSA could have sought the disclosure of the 2023 Arbitration transcript during that month. It did not do so. Instead, it waited until three months after Plaintiff disclosed those portions of the 2023 Arbitration to make the instant motion.

Fourth, Plaintiff withdrew its motion for summary judgment and then filed a new motion that makes no reference to the confidential arbitration proceedings. *See* Dkt. Nos. 216; 221-24. Furthermore, ENSYSA has now responded in opposition to the Plaintiff's motion for summary judgment without having reviewed the 2023 Arbitration transcript and without having made any reference to the 2023 Arbitration. *See* Dkt. No. 232. Thus, it is not clear how essential the 2023 Arbitration transcript is to ENSYSA at this point.

Finally, the Court notes that "as a general matter, courts tend to keep information relating to arbitration proceedings confidential, particularly because: (1) parties often enter into [arbitration proceedings] to maintain confidentiality; and (2) it promotes the voluntary execution of private arbitration agreements—a sound public policy objective." *See Gillette Co. v. Dollar Shave Club, Inc.*, No. 15-cv-1158, 2017 U.S. Dist. LEXIS 148775, at *7 (D. Del. Sept. 6, 2017) (internal quotation marks omitted). Moreover, "[c]onfidentiality is a natural outgrowth of the status of arbitrations as private alternatives to government-sponsored

*Sunshine Shopping Center v. LG Electronics Panama, S.A.*
1:15-cv-00041-WAL-EAH
Order
Page 13

proceedings." *Delaware Coalition for Open Government, Inc. v. Strine*, 733 F.3d 510, 518 (3d Cir. 2013) (describing differences between traditionally confidential arbitrations and public government-sponsored alternative distribution resolution programs and agreeing with dissent regarding "the virtues of arbitration"); *see also id*. at 525 (Roth, J., dissenting) (the tradition of arbitration dating back to colonial times "reveals a focus on privacy." In fact, "the major national and international arbitral bodies continue to emphasize confidentiality." *Id*. (citing AAA & ABA, *Code of Ethics for Arbitrators in Commercial Disputes,* Canon VI(B) (2004); AAA Commercial Arbitration Rules R–23 (2009); UNCITRAL, Arbitration Rules art. 21(3) (2010)). Thus, while the Court takes no position on whether a court can order the disclosure of confidential arbitration proceedings, it notes that public policy and history weigh strongly in favor of maintaining confidentiality in arbitration.

Accordingly, it is hereby **ORDERED:**

1. ENSYSA's "Emergency Motion Requesting Order to Produce Transcript of Arbitration Proceedings and Decision," Dkt. No. 218, is **DENIED**.

2. LG's "Motion for *In Camera* Submission and Review of the Confidential Final Legal Award Issued by the Conciliation and Arbitration Center of Panama as Between LG Electronics and ENSYSA," Dkt. No. 230, is **DENIED AS MOOT**.

ENTER:

Dated: August 19, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE